UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OLIVIA HOWARD | * | CIVIL ACTION |
| VERSUS | * | NO. 26-689 |
| DORIGNAC'S FOOD CENTER, LLC | * | SECTION "I" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Olivia Howard's Motion for Leave to File Opposition [to Defendant's Motion to Compel] Out of Time. ECF No. 28. Having considered the record, the submissions, and the applicable law, Plaintiff's Motion is DENIED for the reasons stated herein.

## I. BACKGROUND

Plaintiff filed this employment discrimination suit alleging that Defendant discriminated against her on the basis of pregnancy, in violation of Title VII and the Americans With Disabilities Act. ECF No. 21; *see also* ECF No. 1. Plaintiff seeks lost wages and general damages, including emotional distress damages. ECF No. 21, at 2. Defendant filed a Motion to Compel on September 1, 2026, and scheduled same for hearing on September 16, 2026. ECF Nos. 25 & 25-2.

Plaintiff filed a Motion for Leave to File Opposition [to Defendant's Motion to Compel] Out of Time at 11:08 p.m. on Tuesday, September 15, 2026, for a matter scheduled for submission at 10:00 am on Wednesday, September 16, 2026. See ECF Nos. 28-6; 25-2. The Court's signed Order granting the motion as unopposed was entered at 11:50 a.m. on Wednesday, September 16, 2026. ECF No. 27.

## II. ANALYSIS

This is not a situation where Plaintiff seeks to file a memorandum a day after the deadline. Plaintiff seeks leave to file an opposition over seven days later and less than 12 hours before the

scheduled submission. The Court has ruled on the matter. Plaintiff's filing is simply far too late to be considered in response to Defendant's motion.

Even if the Court were to consider Plaintiff's untimely opposition, it would not change the ruling on the motion to compel. Plaintiff's primary dispute lies with the scope of the medical release. Plaintiff seeks to limit the release of medical records to records related to the "(1) the pregnancy relevant to this case; (2) pregnancy-related symptoms, treatment, prenatal care, delivery, and postpartum care; (3) work restrictions . . . ; and (4) mental-health treatment related to postpartum depression and emotional distress claimed in this litigation." ECF No. 25-7. As Defendant argued in its supporting memorandum, it is entitled to explore whether Plaintiff's "other physical conditions of or injuries to Plaintiff are the actual or intervening cause(s) of her alleged emotional distress." ECF No. 25-3, at 6.

Defendants are entitled to explore whether any other conditions or injuries could have contributed to Plaintiff's emotional distress and/or ability or inability to work. Given that other medical conditions may be relevant to the defenses in this case, and in light of the date limitation of four years and the requests directed to specific providers, Defendant's proposed HIPPA authorizations are appropriate.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Leave to File Opposition Out of Time is DENIED.

New Orleans, Louisiana, this 21st day of September, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE